IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TONY ALLEN COOLEY,**

    **Plaintiff,**

    v.                                                        CASE NO. 22-3141-SAC

**DOUGLAS COUNTY SHERIFF'S
DEPARTMENT, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. At the time of filing, Plaintiff was confined at the Douglas County Jail in Lawrence, Kansas. The Court provisionally granted Plaintiff leave to proceed in forma pauperis. On July 21, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") directing Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Doc. 5).[1]

Plaintiff alleges in his Complaint that CO Zimbicky made him miss a phone conference with his attorney. Plaintiff provides no other factual allegations in his Complaint. Plaintiff names the Douglas County Sheriff's Department and CO Zimbicky as defendants. Plaintiff seeks monetary damages, an apology, and to have his "coffee returned." (Doc. 1, at 5.)

The Court found in the MOSC that although it is well-established that a prison inmate has a constitutional right of access to the courts, it is equally well-settled that in order "[t]o present a viable claim for denial of access to courts, . . . an inmate must allege and prove prejudice arising from the defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998)

---

[1] The Court entered an order (Doc. 7) granting Plaintiff additional time until August 29, 2022, to respond to the MOSC. Plaintiff has not filed an additional response by this deadline.

1

(citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing.").

The Court found that Plaintiff has not alleged that missing one phone call with his attorney prevented him from accessing the courts or caused him actual injury. Plaintiff's claim does not rise to the level of a constitutional violation. Courts have held that "[t]he missing of a single phone call may well have been an inconvenience, but the Constitution does not protect against mere inconveniences." *Dean v. Maxey*, 2021 WL 2907901, at *1 (E.D. Tex. May 25, 2021) (noting that prisoners have no constitutional right to unlimited telephone use and finding that while plaintiff complained that he missed a scheduled call with his attorney, he did not "allege that he suffered any concrete harm as a result of missing one phone call, or that he was unable to consult with counsel on other occasions") (citations omitted), *adopted by* 2021 WL 2895186 (E.D. Tex. July 9, 2021).

In his response, Plaintiff claims that he discovered that they were about to give him a stack of paperwork; they attempted to challenge him into a fight three days ago but he did not respond; and the food and most of the C.Os are good. (Doc. 5, at 1–2.) Plaintiff then attaches to his response various grievances that appear to be unrelated to his claim in this case. *Id*. at Doc. 5–1.

Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff's Complaint is dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

3

**IT IS SO ORDERED**.

**Dated August 31, 2022, in Topeka, Kansas.**

                                                **s/ Sam A. Crow**
                                                **Sam A. Crow**
                                                **U.S. Senior District Judge**